# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ELIAS BENAVIDEZ ZAMORA, | Case No. 1:26-cv-04973-KES-SAB-HC |
| Petitioner, | ORDER TO RESPOND |
| v. | ORDER SETTING BRIEFING SCHEDULE |
| CHRISTOPHER CHESTNUT, et al., | ORDER TO ELECTRONICALLY FILE |
| Respondents. | TRANSCRIPTS AND OTHER NECESSARY DOCUMENTS |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court has conducted a preliminary review of the Petition. Therein, Petitioner raises a prolonged detention due process claim. (ECF No. 1 at 8–19.[1]) Additionally, Petitioner alleges that he has lived in the United States for forty-two years, was enrolled in the Intensive Supervision Appearance Program ("ISAP") since September 2023, and was arrested by U.S. Immigration and Customs Enforcement ("ICE") on August 7, 2025 during an ISAP office visit. (Id. at 3.) This language can be construed as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention. It is not clear from the face of the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[2] the Court HEREBY ORDERS:

1. Within **TWENTY-ONE (21) days** of the date of service of this order, Respondent SHALL FILE a RESPONSE to the Petition, including the construed claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention and **addressing whether this case is distinguishable from those cases in which this Court has granted habeas relief**. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).[3] A Response can be made by filing one of the following:

   A. AN ANSWER addressing the merits of the Petition. Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER but must also address the merits of the claim asserted.

   B. A MOTION TO DISMISS the Petition.

2. Within **TWENTY-ONE (21) days** of the date of service of this order, Respondent SHALL FILE all relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the Petition, **including Form I-213 and Form I-200**. See Rule 5(c), Rules Governing Section 2254 Cases. The documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the documents unless so ordered by this Court.

3. If Respondent files an Answer to the Petition, Petitioner MAY FILE a Traverse within **FIFTEEN (15) days** of the date Respondent's Answer is filed with the

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

[3] See also Schwarz v. Meinberg, 478 F. App'x 394, 395 (9th Cir. 2012) (rejecting petitioner's contention that district court erred by permitting a time limit exceeding the limits specified in 28 U.S.C. § 2243).

Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the fifteen days.

4.   If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **FOURTEEN (14) days** of the date of service of Respondent's Motion. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **SEVEN (7) days** after the Opposition has been filed in CM/ECF. The Motion to Dismiss will be deemed submitted when the time to reply has expired.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **July 2, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

3